**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | |
| **WILLIAM HARRY FRYAR,** ) | Case No. 1:16-bk-13559-SDR |
| ) | |
| **Debtor.** ) | Chapter 11 |

**OBJECTION OF UNITED STATES TRUSTEE TO WILLIAM HARRY FRYAR'S FOURTH AMENDED PLAN OF REORGANIZATION, DATED OCTOBER 12, 2018**

COMES NOW Acting United States Trustee Paul A. Randolph as a party in interest, by and through his undersigned attorney, and objects to *William Harry Fryar's Forth [sic] Amended Plan of Reorganization, Dated October 12, 2018* (Doc. 280; the "Plan").

The United States Trustee primarily objects because the Plan does not ensure that all creditors will receive more than they would in a Chapter 7 case. Section 1129(a)(7) imposes the best interest test, requiring acceptance of the plan by each holder of a claim in an impaired class or plan treatment that provides present value "not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date." Here, most creditors would be paid 100%. However, for the claims of Alvin Cordell (Claim 30) and Derrellyn Rozsypal (Claim 21), the Plan proposes no payments pending resolution of objections. By the time those objections would be resolved (no objections have been filed, despite the age of this case), the payments to other creditors would have been completed and the funds potentially depleted. The United States Trustee objects to this treatment as potentially violating § 1129(a)(7). Instead, the Plan should provide for a definitive date by which claims objections must be filed and set aside sufficient funds to provide those creditors with 100% payment of their claims in the event that any claims objection is not timely filed or is overruled.

1

Additionally, the United States Trustee objects to the Plan due to several errors and inconsistencies. First, the summary paragraph states that monthly payments will be made, that there are three secured claim classes, and the plan will provide for pro rata distribution (rather than full payment). (Plan at 1.) Those errors should be corrected. Second, the Plan variously claims that the Murfreesboro sale will bring $500,000 (Plan at 9) and $725,000 (Plan at 10). The latter figure appears to be the correct one and the former should be corrected. The surplus from these sales should suffice to guarantee full payment of the disputed claims (to the extent those claims are ultimately allowed).

For these reasons, the United States Trustee objects to the confirmation of the Plan.

Respectfully submitted,

PAUL A. RANDOLPH
ACTING UNITED STATES TRUSTEE, REGION 8

/s/ David Holesinger
David Holesinger
Trial Attorney, TN BPR 030189
U.S. Department of Justice
Office of the U.S. Trustee
31 East 11th Street, 4th Floor
Chattanooga, TN 37402
(423) 752-5153

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 9, 2018, a copy of the foregoing Objection of United States Trustee to William Harry Fryar's Fourth Amended Plan, was electronically filed in the captioned matter and served by Notice of Electronic Filing on parties receiving such notice and was sent by first class U.S. Mail, postage paid, to:

William Harry Fryar
2309 Corral Trail
Chattanooga, TN 37421

                                        /s/ David Holesinger