# IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF TENNESSEE AT CHATTANOOGA

| | |
|---|---|
| In re: WILLIAM HARRY FRYAR,  ) | Case No. 1:16-bk-13559-SDR |
|       Debtor.                       ) | Chapter 11 |
|                                     ) | |

## DEBTOR'S MOTION FOR SUMMARY JUDGMENT

Debtor William H. Fryar, by and through counsel, pursuant to Rule 56 of the Federal Rules of Civil Procedure, respectfully moves this Court to grant summary judgment in his favor with respect to the Creditor Alvin Cordell's (the Creditor) claim. In support of this Motion, Debtor relies upon the contemporaneously filed Statement of Undisputed Material Facts ("SUMF") and Memorandum of Law in Support of this Motion. Debtor would further show this Court as follows:

1. Creditor originally sued Debtor for breach of contract and it is from this Original and subsequent suit(s) that the current claim arises. An essential element of a breach of contract claim is the presence of an enforceable contract between the parties, yet the undisputed material facts show that no enforceable contract exists between the parties. Creditor never entered into a written contract with the Debtor regarding any the Projects at issue, never even spoke to the Debtor about the Projects at issue, never submitted bid sheets to the Debtor, never expected payment from the Debtor, never took instructions from the debtor, and never discussed scope of work, time of completion, or terms of payment with the Debtor. As a result, the Creditor cannot prove that an enforceable contract existed, and his claim fails.

2. Alternatively, if it is alleged that the Debtor was supposed to answer for the debts of Mr. Rick Ratcliff, then this assumption of another's debt fails to satisfy the

{00197797}

Tennessee Statute of Frauds because it was not in writing.  Tenn. Code Ann. § 29-2-101(a)(2).  Because Debtor's alleged assumption of Mr. Ratcliff's debt does not satisfy the Statute of Frauds, Creditor's claim fails.

3.      Finally, Creditor's claim should be dismissed pursuant to the doctrine of laches because Creditor has unreasonable delayed filing and prosecuting this action to the prejudice of the Debtor.  The alleged harm in this case took place around 2008, but Creditor never approached the Debtor about his claim until 2011 because Mr. Ratcliff instructed him not to tell the Debtor that Mr. Ratcliff had failed to pay him.  Moreover, although the Creditor filed his Original Suit in 2009, he delayed serve on the Debtor until 2012, and then failed to actively pursue the case, leading to its dismissal under the Procedural Steps List of that Court (i.e., failure to prosecute) in February 2014.  Creditor then filed a new suit alleging the same claims in March 2014 which was ultimately dismissed for the same failure to prosecute, reinstated after the Court realized a Notice of Bankruptcy had been filed, a Notice the Debtor had exited Bankruptcy and the case was "ripe for trial" was sent in July, 2015, and still the Creditor failed to prosecute that suit.  Creditor has not been able to provide written invoices or contracts between the parties and relies solely on his memory to substantiate his claims.  As a result, Creditor's unreasonable delay in filing/prosecuting and the lack of any credible evidence would result in inequitable harm to the Debtor - failing to satisfy the doctrine of laches – and his claim fails.

WHEREFORE, Debtor respectfully requests that this Court enter summary judgment in his favor and dismiss Creditor's Claim with prejudice as to re-filing.

Respectfully submitted this 29th day of October, 2019.

        KAY GRIFFIN, PLLC,

        By: /s/ Matthew J. Evans
        Paige A. Coleman, Special Counsel
        Matthew J. Evans, Special Counsel
        900 S. Gay Street, Suite 802
        Knoxville, TN  37902
        (865) 314-8422
        (865) 320-0894 (fax)
        Paige.coleman@kaygriffin.com

## **CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a copy of the foregoing pleading has been sent by electronic mail to Kimberly Swafford, Assistant U.S. Trustee, and to those parties identified on the electronic filing receipt from the Court and by first-class, postage pre-paid U.S. mail to those parties identified on the mailing matrix filed with the Court.

Dated: October 29, 2019

        /s/  Matthew J. Evans
        Paige A. Coleman
        Matthew J. Evans